## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:

KARA NICOLE KURTZ,
    Debtor.         Case No. 18-01072-KHK
               (Chapter 7)
JON L. PRAED,
    Plaintiff.        Contested Matter

vs.

KARA NICOLE KURTZ,
    Defendant.

### MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT

The matter before the court is a Motion for Summary Judgement filed by Debtor/Defendant Kara Kurtz pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. (Docket No. 12)

The Plaintiff and the Defendant do not dispute the following facts: Plaintiff is the former husband of Defendant, Kara N. Kurtz. He filed a Complaint first to obtain a judgment declaring that Defendant's debt to Plaintiff is not dischargeable pursuant 11 USC § 523(a)(5), or in the alternative is not dischargeable pursuant to 11 USC § 523(a)(l5); and second to object to the discharge of Defendant pursuant to 11 USC § 727.

### FACTS

Plaintiff and Defendant were married on or about October 29, 2001. The parties separated on or about May 16, 2012, and Defendant thereafter filed for divorce in Arlington County Circuit Court, Case No. 12-2290 on or about September 2012. The parties entered into a Property and Custody Settlement Agreement ("PSA") on or about September 24, 2013. (Plaintiff's Exhibit 1,

"Property Settlement Agreement"). Among other matters, the Settlement Agreement memorialized the parties' understanding and agreement as to their continuing support obligations to each other with regard to such matters as the payment of debts jointly owed to third parties ("Joint Debts").

The Settlement Agreement provides in relevant part that the wife shall pay off one-half of their joint debts.  There were 2 joint debts: a joint federal tax liability for the tax years 2009 and 2010 which the debtor values at $109,000.00 in her schedules, and a judgment Wells Fargo obtained against the parties that the debtor lists as $150,000.00 in her schedules.  On or about November 6, 2013, a Final Order of Divorce was entered that incorporated the PSA.

The Plaintiff also alleges that in the days after the parties' divorce became final, Defendant has made substantial contributions to her exempt retirement accounts, growing her retirement accounts from near zero during the marriage (an amount Plaintiff alleges on information and belief) to approximately $82,500.00 at the time Defendant filed for bankruptcy. Mr. Praed alleges the Debtor's contributions were made without due regard for Defendant's share of the Federal Tax and Wells Fargo Joint Debts and without regard for Defendant's lack of other assets sufficient to pay the Defendant's share of these Joint Debts.  Plaintiff further alleges that the Defendant has withdrawn substantial amounts from her exempt retirement accounts post-divorce using the funds to pay living expenses and other expenses other than the Federal Tax and Wells Fargo Joint Debts.

## LAW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "fact is material if it might affect the outcome of the suit under the governing law."

<u>Vannoy v. Fed. Reserve Bank of Richmond</u>, 827 F.3d 296, 300 (4th Cir. 2016). A "dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u>

The movant bears the burden of showing an absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). The facts must be construed "in the light most favorable" to the non-movant, and all reasonable inferences must be drawn in the non-movant's favor. <u>Vannoy</u>, 827 F.3d at 300. Only "disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). Once the moving party has satisfied the initial burden, then the opposing party must then present specific facts demonstrating there is a genuine issue for trial. <u>Id.</u>  Whether a fact is material depends on the substantive law of the case.

"The analysis of dischargeability under § 523 must begin with the assumption that dischargeability is favored under the Code, unless the complaining spouse, who has the burden of proof, demonstrates the obligation at issue is actually in the nature of alimony, maintenance or support.'" <u>Tilley v. Jessee</u>, 789 F.2d 1074, 1077 (4th Cir. 1986) (quoting <u>In re Morris</u>, 10 B.R. 448 (Bankr. N.D. Iowa 1981)). The burden of proof rests with the objecting spouse. <u>Id.</u>

For a court to characterize an obligation as a domestic support obligation, the court must find there was a "mutual intent" to create an obligation in the nature of alimony, maintenance, or support. <u>Id.</u> To help determine whether the mutual intent standard has been satisfied, courts in the Fourth Circuit have applied a four-factor test. A court should consider: "1) the actual substance and language of the agreement; 2) the financial situation of the parties at the time of the agreement, 3) the function served by the obligation at the time of the agreement (i.e. daily necessities), and 4) whether there is any evidence of overbearing at the time the agreement." <u>See</u>

3.

Catron v. Catron (In re Catron), 164 B.R. 912, 918-20 (E.D. Va. 1994); Combs v. Combs (In re Combs), 543 B.R. 780, 798-800 (Bankr. E.D. Va. 2016); In re Johnson, 397 B.R. 289, 297 (Bankr. M.D.N.C. 2008); see also Catron v. Catron, No. 94-1279, 1994 U.S. App. LEXIS 36061, 1994 WL 707966 (4th Cir. Dec. 21, 1994).

However, "courts may look beyond the four corners of a divorce decree or the agreement of the parties to determine the nature of the payments constituting debts sought to be discharged." Id. (see also Rosenblum v. Hardesty (In re Hardesty), 553 B.R. 86, 91 (Bankr. E.D. Va. 2016)).

## COUNT I

The Plaintiff argues that the Defendant's obligations to Plaintiff with respect to the Federal Tax and Wells Fargo debt are "domestic support obligations" as that term is defined in 11 USC § 101(14A), and thus are not dischargeable in bankruptcy pursuant to 11 USC § 523(a)(5). Defendant agrees that spousal support and child support and any debt relating to the foregoing are deemed non-dischargeable under this section of the Code; however, she argues that the IRS and Wells Fargo debts are not support obligations or in the nature of support.  She is correct.

The parties were represented by separate legal counsel in this divorce.  The PSA is comprehensive and well drafted.  I find no ambiguities in the language of the Agreement and its terms seem fair and balanced as between the parties.  In Section 6, on page 6 of the PSA, the parties expressly waived all rights to spousal support or alimony. (See Exh.1). This is appropriate since both parties were employed at the time of the divorce.  Child Support is addressed in Section seventeen on page thirteen of the Agreement. The parties agreed to joint physical custody of their children.  Treatment of the real and personal property of the parties are confined

to other discreet sections of the agreement.  Finally, treatment of the debts of the parties is addressed in Section 15 beginning on page 8 of the Agreement. After reviewing the language and substance of the agreement and their financial positions determined in part by their separate assets and liabilities, as described in the agreement, the court concludes that the debts to the IRS and Wells Fargo cannot be characterized as a support obligation. Id. The fact that the parties agreed to indemnify each other for non-payment of one-half of the joint debts may be interpreted as creating a property right, but not a right to support, which each has expressly waived.  As a result, the Court finds that the wife's one-half share of the debts to the IRS and Wells Fargo are not excepted from discharge under § 523(a)(5).  Therefore, the Court grants summary judgment in favor of the Defendant as to Count I and dismisses this Count with prejudice.

### COUNT II

The Plaintiff argues that if Defendant's obligations to Plaintiff with respect to the Federal Tax and Wells Fargo Joint Debts set out in the Settlement Agreement and ordered in the  Final Order of Divorce are not "domestic support obligations" as that term is defined in 11 USC § 1 01(14A), then such obligations constitute debts "to a spouse, former  spouse, or child  of the debtor  and  not of the kind  described  in paragraph  (5) that [were] incurred  by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other  order  of a court of record or a determination made in accordance with State or territorial  law by a governmental unit" and thus are also not dischargeable in bankruptcy pursuant to 11 USC § 523(a)( 15).  He is correct.

Under the Bankruptcy Reform Act of 1994, a debtor in bankruptcy could discharge debts assumed under an equitable distribution agreement incident to divorce under certain

circumstances; however, when the Bankruptcy Code was overhauled in 2005, Section (15) was amended to except all debts, other than debts for support and alimony from discharge.

<u>Bankruptcy Reform Act of 1994</u>, Pub. L. No. 103-394, 108 Stat. 4106 (codified as amended). The only exception is found in 11 USC 1338(a)(2) which essentially provides that debts assumed in property settlement agreements other than child and spousal support could be discharged in chapter 13 cases.   The law is clear.   Since this is a chapter 7 case, Section 523(a)(15) is applicable and does in fact except from discharge the debts assumed by Ms. Kurtz incident to her divorce. Rule 56(f)(1) of the Federal Rules of Civil Procedure, as incorporated to this proceeding by Rule 7056(f)(1) of Bankruptcy Procedure, provides that a court may grant summary judgment for a non-moving party. Fed. R. Civ. P 56(f)(1); <u>see</u> Fed. R. Bankr. P.   7056(f)(1). Therefore, the Court grants summary judgment in favor of the Plaintiff on Count II.

<u>**COUNT III**</u>

The Plaintiff argues that the Defendant, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed destroyed, mutilated or concealed–or has permitted to be transferred, removed, destroyed, mutilated or concealed–property of the debtor within one year before the date of the filing of the petition and thus is not entitled to a discharge pursuant to 11 USC § 727(a)(2). Intent is a substantive issue of material fact.  At present, there is insufficient evidence before the Court to make a determination of the debtor's intent, therefore this matter shall proceed to trial.   It appearing necessary to do so, it is hereby **ORDERED**, that the remaining Count III is set for trial on February 7, 2019 at 9:30 am.

Date: Jan 23 2019

/s/ Klinette Kindred

Klinette H. Kindred
United States Bankruptcy Judge

Entered on Docket: January 25, 2019

**Copy electronically to:**

Robert Sergio Brandt

**Copy by mail to:**

Jon L. Praed
PO Box 100413
3118 Washington Boulevard
Arlington, VA 22201-9998